HICKS v. HUNTER.   (No. 5611.)*

(Court of Civil Appeals of Texas. San Antonio. Feb. 9, 1916. Rehearing Denied March 8, 1916.)

1. TRIAL ☞352—SUBMISSION OF ISSUES.
   In a realty broker's suit for commission, where plaintiff's demand was based on the value of the defendant's lands, as estimated by defendant, the submission of the issue of the value of the lands for which defendant's were exchanged, while failing to submit the issue of the value of defendant's lands, was erroneous.
   [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 840–842, 844, 845; Dec. Dig. ☞352.]

2. APPEAL AND ERROR ☞934—PRESUMPTIONS—FINDINGS SUPPORTING JUDGMENT.
   When a special verdict, not finding all facts necessary to judgment, but answering all questions submitted, is entered, the presumption is that the court found from the evidence the omitted facts necessary to support the judgment, if the evidence authorizes the presumed finding.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3777–3781, 3782; Dec. Dig. ☞934.]

3. APPEAL AND ERROR ☞883, 1033 — RIGHT TO ALLEGE ERROR—ACQUIESCENCE—HARMLESS ERROR.
   In a realty broker's action for commission, where defendant admitted that he had agreed to pay a commission on the represented value of his lands, which he estimated at such sum that, if the commission were calculated on it, a heavier judgment could have been rendered against him than was rendered through the mistaken submission to the jury of the value of the lands for which his were exchanged as a basis for reckoning, while defendant interposed no objection to the submission of the issue as to the value of the other lands, judgment for plaintiff based on their value could not be reversed; the error being acquiesced in and harmless.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3611, 4052–4062; Dec. Dig. ☞883, 1033.]

Appeal from District Court, Bexar County; W. F. Ezell, Judge.

Suit by C. S. Hunter against E. G. Hicks. From a judgment for plaintiff, defendant appeals. Affirmed.

Swearingen & Ward and John H. Bickett, Jr., all of San Antonio, for appellant. Cobbs, Eskridge & Cobbs, of San Antonio, for appellee.

FLY, C. J. This is a suit by appellee to recover commissions in the sum of $4,290, which he alleged were due him for exchanging certain lands in Texas belonging to ap-

pellants for lands belonging to A. H. Hughes in the republic of Mexico. The allegations in the petition fixing the liability of appellant were that he agreed to pay appellee the usual and customary fee, and further:

"That the aggregate of values of said properties traded and exchanged by said Hicks to the said Hughes, as represented by said Hicks, was the sum of $171,600; that the usual and customary commission for trades and exchanges of property is 2½ per cent. on the value as represented by the customer."

It was also alleged that the commissions demanded were reasonable. Appellant did not deny the allegation as to the amount charged being the usual and customary commission in the exchange of properties. The cause was submitted on special issues, and upon the anwers thereto judgment was rendered in favor of appellee for $3,125.

It was admitted that 2½ per cent. on the value estimated by the person employing the broker to exchange his property was usual, customary, and reasonable, and it was in proof that appellant employed appellee to procure a person who would exchange Mexican lands for appellant's lands in Texas, and he procured such a one in the person of A. H. Hughes, and the exchange was made. The lands in Mexico were valued at $125,000 and the lands in Texas at more than that sum.

[1] In submitting the issues the court submitted the issue as to the value of the lands in Mexico, but failed to submit the issue as to the value of the lands in Texas. The demand of appellee for commissions is based on the value of appellant's lands as estimated by him, but another and different basis for recovery of the commissions was submitted to the jury, and on the answer to that issue, which was not authorized by the pleadings, the judgment necessarily rests. This action was undoubtedly error, but was it such error as necessitates a reversal?

[2] There was evidence as to the estimated value of his property by appellant in a sum equal to or greater than that of the Mexican lands, and, if no issue had been presented as to the estimated value of any of the exchanged lands, there can be no doubt that the court could have found from the evidence the amount of commissions allowed from the values of the Texas lands for the rule is:

"When a special verdict does not find all the facts necessary to form the basis of a judgment, but does answer all the questions submitted, the court is presumed to have found from the evidence the omitted facts necessary to support the judgment if the evidence is present to authorize the finding thus presumed." Southern Cotton Oil Co. v. Wallace, 23 Tex. Civ. App. 12, 54 S. W. 638; Grocery Co. v. Noble, 36 Tex. Civ. App. 226, 81 S. W. 586.

In this case the finding of the jury as to the valuation of the lands in Mexico is embodied in the judgment, and the judgment for $3,125.00 is 2½ per cent. of the valuation of the Mexican lands. This might prevent indulging in the presumption that the valuation of appellant's land formed the basis of the judgment, were it not for recitations in the judgment showing that other matters were considered besides those presented to the jury. It appears from the judgment that it was entered at the same time that the motion for new trial was considered, by which the court had been notified of the error in the submission of issues. The court, doubtless with the statute and decisions in view when a special verdict does not find on all issues made by the. pleadings and evidence, recited in the judgment that:

"The court is of opinion that on the answers of the jury to the special issues presented to them and the undisputed evidence the plaintiff is entitled to his judgment against E. G. Hicks in the sum of $3,125," etc.

The recitation would raise the presumption that the court considered the testimony as to the values of the Texas lands, as the evidence was uncontroverted that appellant estimated it to be of as great value as the Mexican lands, which was $125,000. The only real ground for a new trial was that the verdict was based on the value of lands in Mexico, and not on those in Texas, and it reasonably appears from the recitation in the judgment that the court sought to and did destroy the error of which complaint is made. Neither party asked the submission of any issue to the jury as to valuation of Texas lands.

[3] In this case no objection whatever was interposed to the submission of the issue as to the value of the Mexican lands, but every one seemed to acquiesce in the theory that such value would form a proper basis for the judgment. It was admitted by appellant that he had agreed to pay appellee a commission of 2½ per cent. on the represented value of his properties, and it was shown without contradiction that appellant estimated his lands to be of greater value than $125,000, and, if the commissions be calculated on the basis of that valuation, a heavier judgment could be rendered against appellant than was rendered. If there was error in submitting the value of the Mexican lands, that error was acquiesced in, if not invited, by appellant, and it was only after the verdict had been returned that appellant in a motion for new trial complained of the error, and, in view of the fact that no injury could possibly have resulted to appellant by the error, to reverse a judgment on that ground would be a miscarriage of justice that no court should permit. Appellant had meted out to him a judgment justified by uncontroverted facts, and no good reason can be assigned for reversing the judgment for using one measure of damages when use of the other could not have benefited, but must have injured appellant.

Appellee swore that the lands listed with him were 2,300 acres in Zavala county, 176 acres in Victoria county, and land in McMullen county, for which the Portland Hotel in San Antonio was afterwards substituted. It was shown that appellant estimated the value of the Zavala county land at $35 an acre, the aggregate being $80,500, the Portland Hotel

$45,000, and the vendor lien notes at the value of $28,000, making an aggregate for the land of $125,500, and for notes and land of $153,500. Appellant did not deny, but in his testimony admitted, that he made the estimates, not only on the land named, but also on 176 acres in Victoria county. If only the value of the Texas lands, not including that of the notes, is considered, the judgment is justified by the uncontroverted facts.

The fifth assignment is overruled. It is not followed by any statement, and no statement could have been based on the statement of facts that would sustain the assertion that the property was valued to the agent of appellee at $49,000. The only testimony on this subject was that appellant, while in the city of Mexico, agreed with Hughes that the property was worth $49,500. The estimate of the value of the property was made to Stein, the agent of Hughes in San Antonio, and appellant did not deny that such estimate was made. That Hughes would accept property valued at $49,500 for property valued at $125,000 and of the actual market value of $100,000 is preposterous. The commissions were based on the estimated, and not the market value.

There is really but one point in the case, as admitted by appellant, and that has been fully considered by the court. All of the assignments of error are overruled.

The judgment is affirmed.

---

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes